IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NORMAN KATZ, | ) | CIVIL NO. 09-00599 ACK-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TIMOTHY F. GEITHNER, | ) | |
| SECRETARY OF THE TREASURY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On December 16, 2009, Plaintiff Norman Katz ("Plaintiff") filed his Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). Plaintiff's Application states that, in the past twelve months, he has received $1,000 per month in social security retirement benefits. Plaintiff is also a licensed certified public accountant and has received "sporadic" income "working as [a] Financial and Operations Principal for broker dealers." [Application at 1.] In his Request for Appointment of Counsel Under the Civil Rights Act of 1964 ("Request for Counsel"), which he filed concurrently with the Application, Plaintiff stated that this "sporadic" income totaled $15,000.00 for the past twelve months. [Request for Counsel at 6.]

Plaintiff also states that he and his wife own a home in Austin which they are currently trying to sell. He states

that they "hope to realize free cash of $210,000.00" from the sale. [Application at 2.] In addition to the $150,000.00 mortgage on that home, Plaintiff identified a total $52,000.00 in joint obligations with his wife. He reports monthly expenses of approximately $4,300, excluding loan payments. Plaintiff and his wife have two children whom they support one hundred percent. [Id.]

The district court may grant *in forma pauperis* status to a plaintiff who "is unable to pay such fees or give security" for court fees. 28 U.S.C. § 1915(a)(1). Based on Plaintiff's income and the significant value of the home that Plaintiff owns with his wife,[1] this Court FINDS that Plaintiff does not qualify as a person who is unable to pay or give security for court fees. The Court therefore RECOMMENDS that the district judge DENY Plaintiff's Application.

IT IS SO FOUND AND RECOMMENDED.

---

[1] The Court also notes that Plaintiff reports his wife's monthly income is $8,300.00. [Request for Counsel at 5.] Certainly, if the Court considers his wife's income, Plaintiff would not qualify for *in forma pauperis* status. See, e.g., Zhu v. Countrywide Realty Co., 148 F. Supp. 2d 1154, 1156 (D. Kan. 2001) ("In a number of cases, courts have found that the income and assets of close family members are relevant to a determination of indigency under 28 U.S.C. § 1915." (citing cases)). The Court, however, need not address whether it is proper to consider Plaintiff's wife's income because Plaintiff's income and assets alone are sufficient to warrant denial of the Application.

DATED AT HONOLULU, HAWAII, January 13, 2010.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**NORMAN KATZ V. TIMOTHY F. GEITHNER, ETC; CIVIL NO. 09-00599 ACK-LEK; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**